UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRYPTEK OUTDOOR GROUP, LLC | § § § | |
| Plaintiff | § § | CIVIL ACTION NO. __4:20-cv-1269__ |
| v. | § § | |
| REEL WICKED APPAREL, LLC, | § | |
| JAMES W. RANEY | § | **JURY DEMANDED** |
| BILLY J. RANEY, | § | |
| REEL WICKED, LLC, and | § | |
| GAYLA J. MCBEE | § § | |
| Defendants | § | |

**ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT,
TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION AND DESIGN PATENT INFRINGEMENT**

Plaintiff Kryptek Outdoor Group, LLC ("Kryptek") respectfully submits this Complaint against Defendants Reel Wicked Apparel, LLC, James W. Raney, Billy J. Raney, Reel Wicked, LLC, and Gayla J. McBee (collectively, "Defendants") and alleges the following:

## I.    NATURE OF THE DISPUTE

1.    This is an action for copyright infringement, trademark counterfeiting, trademark infringement, unfair competition and design patent infringement, brought pursuant to 17 U.S.C. §§ 501-505; Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(c); and 35 U.S.C. §§ 271 and 289.  Through this action, Kryptek seeks injunctive relief and damages arising from Defendants' copying of Kryptek's highly-original, copyright-protected and patented camouflage patterns, and their counterfeiting and infringement of Kryptek's well-known and distinctive trademarks.

Page 1

2.      Plaintiff Kryptek is a highly successful, veteran-owned, world-famous designer and retailer of ultra-high-performance technical and tactical outdoor adventure apparel.

3.      Kryptek has developed distinctive camouflage patterns that are the leader in the industry. These patented and copyright-protected patterns have even been tested by the Department of Defense using laser-retinal-tracking to prove the effectiveness and superiority of Kryptek's designs.  Kryptek promotes its goods to customers throughout the United States by way of extensive media advertising, including on radio, television, Facebook, Twitter, and e-mail promotions, and on Kryptek's website, www.kryptek.com.

4.      Defendants appear to have recently built an entire fishing apparel business based on the misappropriation of Kryptek's protected camouflage patterns and trademarks. Defendants' brazen misconduct even extends to labelling their apparel with Kryptek's trademarks, including KRYPTEK, HIGHLANDER, PONTUS, NEPTUNE and TYPHON, in an attempt to pass off their counterfeit apparel as genuine.  Examples of Defendants' infringing and counterfeit items are shown in Exhibit A (from Defendants' website at www.reelwickedapparel.com), Exhibit B (from Defendants' Facebook page) and Exhibit C (from Defendants' Instagram page).

5.      Defendants' copying of Kryptek's protected camouflage patterns and their counterfeiting and infringement of Kryptek's trademarks is likely to cause consumers to mistakenly believe that Defendants are either affiliated with, sponsored by, or somehow connected with Kryptek, and that the counterfeit products sold and promoted by Defendants are either genuine Kryptek products or were endorsed or authorized by Kryptek.

502902242 v5

6.     For these and other reasons, Defendants' conduct has caused – and unless enjoined by this Court will continue to cause – irreparable injury to Kryptek, as well as incalculable loss of goodwill and damages.

## II.     THE PARTIES

7.     Plaintiff Kryptek Outdoor Group, LLC ("Kryptek" or "Plaintiff") is a Delaware limited liability company having a principal place of business at 291 E. Shore Dr., Suite 150, Eagle, Idaho, 83616.

8.     Defendant Reel Wicked Apparel, LLC ("Reel Wicked Apparel") is a Texas limited liability company that provided to the Texas Secretary of State an address of 229 Starboard Ave., Rockport, Texas.  Reel Wicked Apparel can be served with process via its registered agent, James W. Raney, at 229 Starboard Ave., Rockport, Texas 78382.

9.     Defendant James W. Raney, also known as "Jimmy Raney" (hereafter "James Raney") resides in Texas and is a manager of Defendant Reel Wicked Apparel.  On information and belief, James Raney may be served at 229 Starboard Ave., Rockport, Texas 78382.

10.     Defendant Billy J. Raney ("Billy Raney") resides in Texas and is a manager of Defendant Reel Wicked Apparel.  On information and belief, Billy Raney may be served at 229 Starboard Ave., Rockport, Texas 78382.

11.     On information and belief, Defendants James Raney and Billy Raney have at relevant times been substantially involved in the operation and management of Defendants Reel Wicked and Reel Wicked Apparel, and they have actively participated in and/or authorized and/or ratified the wrongful conduct of Defendants Reel Wicked and Reel Wicked Apparel complained of herein.  Accordingly, Defendants James Raney and Billy Raney are each jointly

and severally liable for the tortious conduct of Defendants Reel Wicked and Reel Wicked Apparel.

12.     Defendant Reel Wicked, LLC ("Reel Wicked") is a Texas limited liability company that provided to the Texas Secretary of State an address of 1110 County Road 421, Hondo, Texas 78861.  Reel Wicked can be served with process via its registered agent, Gayla J. McBee, at 1110 County Road 421, Hondo, Texas 78861.

13.     Defendant Gayla J. McBee ("McBee") resides in Texas and is the sole member of Defendant Reel Wicked.  On information and belief, Defendant McBee may be served at 1110 County Road 421, Hondo, Texas 78861.

14.     On information and belief, Defendant McBee has at relevant times been substantially involved in the operation and management of Defendant Reel Wicked, and she has actively participated in and/or authorized and/or ratified the wrongful conduct of Defendant Reel Wicked complained of herein.  Accordingly, Defendant McBee is jointly and severally liable for the tortious conduct of Defendant Reel Wicked.

### III.     JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338 because the action arises under the copyright, trademark, and patent laws of the United States.

16.     This Court has personal jurisdiction over each of the Defendants.  Each Defendant is a resident and citizen of Texas.  This Court also has personal jurisdiction each Defendant because each regularly conducts, solicits, and/or transacts business in Texas and in this judicial district, because the Defendants have offered for sale and have sold infringing and counterfeit Kryptek products to consumers within Texas and this judicial district, and because the unlawful,

tortious conduct complained of herein has caused, and continues to cause, injury to Kryptek within Texas and this judicial district.

17.     Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## IV.     PLAINTIFF'S COPYRIGHT REGISTRATIONS

18.     Kryptek is the owner of all right, title and interest in the following Copyright Registrations to various camouflage patterns:

| Registration No. | Title | Date Issued |
|---|---|---|
| VA0001783604 | Highlander Camouflage | July 25, 2011 |
| VA0001783605 | Mandrake Camouflage | July 25, 2011 |
| VA0001783606 | Kryptek Camouflage Patterns | July 25, 2011 |
| VA0001783608 | Nomad Camouflage | July 25, 2011 |
| VA0001829638 | Kryptek Typhon Camouflage | June 26, 2012 |
| VA0001829646 | Kryptek Raid Camouflage | June 26, 2012 |
| VA0001833727 | Kryptek Yeti Camouflage | September 25, 2012 |
| VA0001931269 | Kryptek Neptune Camouflage | October 14, 2014 |
| VA0001931271 | Kryptek Altitude Camouflage | October 14, 2014 |
| VA0001931338 | Kryptek Banshee Camouflage | October 14, 2014 |
| VA0001950891 | Kryptek Inferno Camouflage | February 20, 2015 |
| VA0001951037 | Kryptek Universal Camouflage | February 20, 2015 |
| VA0002001646 | Kryptek Altitude | February 5, 2016 |

19.     Each of the foregoing registrations (collectively "Kryptek's Copyrights") was duly and legally issued by the United States Copyright Office.  Copies of these registrations are attached as Exhibit D.

20.     Kryptek's copyrighted designs protect various color variations of Kryptek's camouflage designs.  The chart below provides further detail of Kryptek's Copyrights:

| Registration No. & Title | Example Design |
|---|---|
| VA0001783604 Highlander Camouflage |  |
| VA0001783605 Mandrake Camouflage |  |
| VA0001783608 Nomad Camouflage |  |
| VA0001829638 Kryptek Typhon Camouflage |  |
| VA0001829646 Kryptek Raid Camouflage |  |



| VA0001833727 Kryptek Yeti Camouflage | |
| VA0001931269 Kryptek Neptune Camouflage | |
| VA0001931271 & VA0002001646 Kryptek Altitude Camouflage | |
| VA0001931338 Kryptek Banshee Camouflage | |
| VA0001950891 Kryptek Inferno Camouflage | |

## V.   PLAINTIFF'S TRADEMARKS

21.   Kryptek is the owner of a number of trademark registrations and common law trademark rights related to its copyrighted camouflage patterns.

502902242 v5

22.     Plaintiff is the owner of U.S. Trademark Registration No. 4,463,207 for its KRYPTEK mark, for goods in International Classes 16, 18, and 24.  This registration is valid and enforceable.  This registration is also legally incontestable.  A true and correct copy of this registration is attached as Exhibit E.

23.     Plaintiff is the owner of U.S. Trademark Registration No. 4,683,587 for its KRYPTEK mark, for goods in International Class 25.  This registration is valid and enforceable.  This registration is also legally incontestable.  A true and correct copy of this registration is attached as Exhibit F.

24.     Plaintiff is the owner of U.S. Trademark Registration No. 4,478,517 for its HIGHLANDER mark, for goods in International Classes 16, 18, and 24.  This registration is valid and enforceable.  This registration is also legally incontestable.  A true and correct copy of this registration is attached as Exhibit G.

25.     Plaintiff is the owner of U.S. Trademark Registration No. 4,478,518 for its KRYPTEK HIGHLANDER mark, for goods in International Class 25.  This registration is valid and enforceable.  This registration is also legally incontestable.  A true and correct copy of this registration is attached as Exhibit H.

26.     The foregoing registrations will collectively be referred to herein as "Kryptek's Trademark Registrations."

27.     By virtue of Kryptek's long and widespread use of the following distinctive names for certain color variations to camouflage patterns, Kryptek has acquired enforceable common law trademark rights to the following marks:  PONTUS, NEPTUNE and TYPHON (collectively "Kryptek's Common Law Marks").

## VI.   <u>PLAINTIFF'S DESIGN PATENTS</u>

28.   Kryptek is the owner of a number of design patents related to its camouflage patterns.

29.   Plaintiff is the owner by assignment of United States Design Patent No. D679,099, titled "Sheet Material With Camouflage Pattern" ("the '099 Patent").  The '099 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on April 2, 2013.  A true and correct copy of the '099 Patent is attached as Exhibit I.

30.   The '099 Patent relates to "the ornamental design for a sheet material with camouflage pattern, as shown and described" in the below two figures:



31.   Plaintiff is the owner by assignment of United States Design Patent No. D685,999, titled "Sheet Material With Camouflage Pattern" ("the '999 Patent").  The '999 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on July 16, 2013.  A true and correct copy of the '999 Patent is attached as Exhibit J.

32.     The '999 Patent relates to "the ornamental design for a sheet material with camouflage pattern, as shown and described" in the below two figures:



FIG. 1



FIG. 2

33.     Plaintiff is the owner by assignment of United States Design Patent No. D686,000, titled "Sheet Material With Camouflage Pattern" ("the '000 Patent"). The '000 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on July 16, 2013. A true and correct copy of the '000 Patent is attached as Exhibit K.

34.     The '000 Patent relates to "the ornamental design for a sheet material with camouflage pattern, as shown and described" in the below sole figure:



35.     The foregoing three design patents will collectively be referred to herein as "Kryptek's Design Patents."

36.     Kryptek owns all substantial rights in and to Kryptek's Design Patents, including the right to sue and collect damages for past, present and future infringement.

## VII.   DEFENDANTS' WRONGFUL CONDUCT

37.     Recognizing the popularity, superiority, and quality of Kryptek and its camouflage patterns, and in an attempt to capitalize on Kryptek's hard-earned success, Defendants have brazenly created, offered for sale, and sold counterfeit copies of Kryptek's camouflage patterns and products incorporating Kryptek's camouflage patterns.  Defendants' products often feature exact copies of Kryptek's copyrighted and patented camouflage patterns.

38.     Defendants have further brazenly copied Kryptek's Trademark Registrations and Kryptek's Common Law Trademarks, for example co-opting Kryptek's good name by displaying products under the monikers "KRYPTEK," "KRYPT," "PONTUS," "NEPTUNE" and "TYPHON" on their website www.reelwickedapparel.com, and on their Facebook and Instagram pages.  Such activity constitutes willful and intentional counterfeiting and trademark infringement.

39.     For example, on or about December 20, 2019, Defendants proudly announced on their Facebook and Instagram pages:  "Ladies…can you say krpytek camo??!?!?!! It's here!" Defendants included the below picture of their infringing and counterfeit apparel.



40.    In another example, Defendants have been promoting, offering for sale and selling the below counterfeit "Highlander Trucker" hat:



41.    A depiction of Kryptek's copyrighted "Highlander Camouflage" pattern (Reg. No. VA0001783604 ) is shown below for comparison.

502902242 v5

| VA0001783604 Highlander Camouflage |  |

42.     By virtue of the foregoing hat, Defendants have infringed Kryptek's Copyrights, Kryptek's Design Patents, and Kryptek's U.S. Trademark Registration Nos. 4,478,517 (HIGHLANDER) and 4,478,518 (KRYPTEK HIGHLANDER).

43.     In another example, Defendants have been promoting, offering for sale and selling the below counterfeit "Kryptek Perf Leggings":



44.     By virtue of the foregoing counterfeit leggings, Defendants have infringed Kryptek's Copyrights, Kryptek's Design Patents, and Kryptek's U.S. Trademark Registration Nos. 4,463,207 (KRYPTEK) and 4,683,587 (KRYPTEK).

45.     In another example, Defendants have been promoting, offering for sale and selling the below counterfeit "Neptune" hat:



46.     A depiction of Kryptek's copyrighted "Kryptek Neptune Camouflage" pattern (Reg. No. VA0001931269) is shown below for comparison.



| VA0001931269 Kryptek Neptune Camouflage | |
|---|---|

47.     By virtue of the foregoing counterfeit hat, Defendants have infringed Kryptek's Copyrights, Kryptek's Design Patents, and Kryptek's common law trademark rights in its NEPTUNE mark.

48.     In another example, Defendants have been promoting, offering for sale and selling the below counterfeit "Pontus" hat:

Page 14



49.     A depiction of Kryptek's copyrighted "Kryptek Pontus Camouflage" pattern (Reg. No. VA0001996215) is shown below for comparison.



50.     By virtue of the foregoing counterfeit hat, Defendants have infringed Kryptek's Copyrights, Kryptek's Design Patents, and Kryptek's common law trademark rights in its PONTUS mark.

51.     In another example, Defendants have been promoting, offering for sale and selling the below counterfeit "Reel Wicked Kryptek Typhon" hat:



52.     A depiction of Kryptek's copyrighted "Kryptek Typhon Camouflage" pattern (Reg. No. VA0001829638) is shown below for comparison.



53.     By virtue of the foregoing counterfeit hat, Defendants have infringed Kryptek's Copyrights, Kryptek's Design Patents, Kryptek's U.S. Trademark Registration Nos. 4,463,207 (KRYPTEK) and 4,683,587 (KRYPTEK), and Kryptek's common law trademark rights in its TYPHON mark.

54.     Additional examples of Defendants' infringing and counterfeit items are shown in Exhibit A (from Defendants' website at www.reelwickedapparel.com), Exhibit B (from Defendants' Facebook page) and Exhibit C (from Defendants' Instagram page).

Page 16

55.     Defendants' infringement of Kryptek's intellectual property harms Kryptek, Kryptek's customers, and potential customers of Kryptek who may be confused and deceived by Defendants' business and/or Defendants' unauthorized reproduction and/or imitation of Kryptek's trademarks and patented and copyrighted camouflage designs.

56.     Defendants' unauthorized use of Kryptek's Copyrights, Kryptek's Design Patents, Kryptek's Trademark Registrations, and Kryptek's Common Law Marks unjustly enriches Defendants at Plaintiff's expense.  Defendants have been and continue to be unjustly enriched, obtaining a benefit from Plaintiff by taking undue advantage of Plaintiff and its extensive goodwill.  Specifically, for example, Defendants have taken unfair advantage of Plaintiff by trading on and profiting from the goodwill developed and owned by Plaintiff, resulting in Defendants wrongfully obtaining a monetary and reputational benefit for their own business and services.

57.     Defendants' unauthorized use of Kryptek's intellectual property removes from Plaintiff the ability to control the nature and quality of services provided under Kryptek's intellectual property and places the valuable reputation and goodwill of Plaintiff in the hands of Defendants, over whom Plaintiff has no control.

58.     Defendants' conduct has caused, and is causing, enormous and irreparable harm to Kryptek.  Plaintiff respectfully seeks intervention of this Court to stop Defendants from continuing their present activities and for monetary damages. Kryptek intends to promptly seek injunctive relief.

## VIII.   CAUSES OF ACTION

### Count 1:  Copyright Infringement

59.     Plaintiff repeats the allegations above as if fully set forth herein.

60.     Defendants have directly infringed Kryptek's Copyrights by reproducing Kryptek's copyrighted works, by preparing derivative works based on Kryptek's copyrighted works, and by distributing the copies and/or derivative works to the public by sale without Kryptek's authorization in violation of 17 U.S.C. § 106 *et seq.* and § 501.

61.     Each infringement of Kryptek's Copyrights by Defendants constitutes a separate and distinct act of infringement.

62.     Defendants' acts of infringement have been willful, and in blatant disregard to Kryptek's rights.

63.     As a direct and proximate result of Defendants' infringements, Kryptek is entitled to damages and Defendants' profits.

64.     Alternatively, Kryptek is entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C. § 504.

65.     Kryptek is further entitled to recover its attorney's fees and costs pursuant to 17 U.S.C. § 505.

66.     Defendants are each jointly and severally liable for damages resulting from the acts of copyright infringement, as well as for Kryptek's attorney's fees and costs.

67.     As a direct and proximate result of Defendants' infringements, Kryptek has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue to infringe Kryptek's rights in Kryptek's Copyrights.  Thus Kryptek is entitled to injunctive relief.

68.     As a matter of Texas corporate law, Defendant Gayla McBee is personally liable for the copyright infringements of Defendant Reel Wicked because she has at all relevant times been substantially involved in the operation and management of Defendant Reel Wicked, and she has actively participated in and/or authorized and/or ratified the wrongful conduct of Defendant Reel Wicked complained of herein.

69.     Similarly, under Texas corporate law, Defendants James Raney and Billy Raney are personally liable for the copyright infringements of Defendants Reel Wicked and Reel Wicked Apparel because they have at relevant times been substantially involved in the operation and management of Defendants Reel Wicked and Reel Wicked Apparel, and they have actively participated in and/or authorized and/or ratified the wrongful conduct of Defendants Reel Wicked and Reel Wicked Apparel complained of herein.

70.     In addition, as a matter of federal copyright law, Defendant Gayla McBee, as a member of Defendant Reel Wicked, has vicariously infringed Kryptek's Copyrights because she had the right and ability to supervise and/or control the infringing conduct of Defendant Reel Wicked.  Defendant Gayla McBee directly participated in and/or refused to exercise her ability to supervise and control Defendant Reel Wicked to the extent required by law.  Defendant Gayla McBee was and is a moving, active, and conscious force behind the infringements of Defendant Reel Wicked.  As a direct and proximate result of her conduct and/or omissions, Defendant Reel Wicked, as well as Reel Wicked's manufacturers, distributors, retailers, and/or customers have infringed Kryptek's Copyrights, including by reproducing, preparing derivative works, and/or distributing to the public copies and/or derivative works based on Kryptek's Copyrights without authorization in violation of 17 U.S.C. § 106 *et seq* and § 501.  Defendant Gayla McBee derived a direct financial benefit and had a direct financial interest in the infringing activity, including

but not limited to obtaining financial compensation from Defendant Reel Wicked, including financial compensation flowing from the sale of infringing goods.  Accordingly, Defendant McBee is vicariously and joint and severally liable for an award of damages based on the infringements of Defendant Reel Wicked.

71.     Similarly, as a matter of federal copyright law, Defendants James Raney and Billy Raney, as owners and managers of Defendant Reel Wicked Apparel, and on information and belief, as individuals closely associated with Defendant Reel Wicked, have vicariously infringed Kryptek's Copyrights because they have the right and ability to supervise and/or control the infringing conduct of Defendants Reel Wicked and Reel Wicked Apparel.  Defendants James Raney and Billy Raney directly participated in and/or refused to exercise their ability to supervise and control Defendants Reel Wicked and Reel Wicked Apparel to the extent required by law.  Defendants James Raney and Billy Raney are a moving, active, and conscious force behind the infringements of Defendants Reel Wicked and Reel Wicked Apparel.  As a direct and proximate result of their conduct and/or omissions, Defendants Reel Wicked and Reel Wicked Apparel, as well as their manufacturers, distributors, retailers, and/or customers have infringed Kryptek's Copyrights, including by reproducing, preparing derivative works, and/or distributing to the public copies and/or derivative works based on Kryptek's Copyrights without authorization in violation of 17 U.S.C. § 106 *et seq* and § 501.  Defendants James Raney and Billy Raney derive a direct financial benefit and have a direct financial interest in the infringing activity, including but not limited to obtaining financial compensation from Defendants Reel Wicked and Reel Wicked Apparel, including financial compensation flowing from the sale of infringing goods.  Accordingly, Defendants James Raney and Billy Raney are vicariously and

502902242 v5

joint and severally liable for an award of damages based on the infringements of Defendants Reel Wicked and Reel Wicked Apparel.

## Count 2:  Trademark Counterfeiting

72.      Plaintiff repeats the allegations above as if fully set forth herein.

73.      Defendants have used the terms "Kryptek," "Krypt," "Highlander" and similar words (hereafter, "Counterfeit Marks'), which are identical to and substantially indistinguishable from the marks protected by Kryptek's Trademark Registrations, on goods for which Kryptek holds federal trademark registrations.  Defendants have used the Counterfeit Marks in connection with the advertising, sale, offering for sale and/or distribution of goods for its own financial gain. Defendants' egregious conduct makes this an exceptional case.  Kryptek has not authorized Defendants' use of the marks protected by Kryptek's Trademark Registrations.

74.      Defendants' unauthorized use of Counterfeit Marks, which are confusingly similar to Kryptek's Trademark Registrations, on and in connection with the advertising and sale of counterfeit goods, constitutes Defendants' use of Kryptek's marks in commerce.

75.      Defendants' acts as described in this Complaint constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

76.      Defendants' acts have caused, and will continue to cause, irreparable injury to Kryptek.  Kryptek has no adequate remedy at law and is thus damaged in an amount not yet determined.

## Count 3:  Trademark Infringement under Section 32 of the Lanham Act

77.      Plaintiff repeats the allegations above as if fully set forth herein.

78.      Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant, any trademark or any

reproduction, counterfeit, copy or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake, or deception.

79.     The marks covered by Kryptek's Trademark Registrations are federally registered.  These marks are inherently distinctive and are associated in the mind of the public with Kryptek.

80.     Defendants have used Counterfeit Marks that are imitations of Kryptek's Trademark Registrations, without Kryptek's consent or authorization.  Defendants' use, including the sale, offer for sale, and/or distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to believe that Defendants' products emanate or originate from Kryptek, or that Kryptek has approved, sponsored or otherwise associated itself with Defendants or their infringing products.

81.     Through their unauthorized use of Counterfeit Marks that are confusingly similar to Kryptek's Trademark Registrations, Defendants are unfairly benefiting from Kryptek's goodwill and reputation, as well as the fame of the marks protected by Kryptek's Trademark Registrations.  This has resulted in substantial and irreparable injury to the public and to Kryptek.

82.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

83.     Defendants' acts have caused, and will continue to cause, irreparable injury to Kryptek. Kryptek has no adequate remedy at law and is thus damaged in an amount not yet determined.

**Count 4:  Unfair Competition under Section 43(a) of the Lanham Act**

84.     Plaintiff repeats the allegations above as if fully set forth herein.

85.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, *inter alia*, the use by a person of a false or misleading designation of origin or representation in connection with the offering for sale and sale of goods which is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of such person with another person, or which is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship or approval of such goods.

86.     As a result of Kryptek's experience, care and service in producing and providing genuine Kryptek products, Kryptek's products have become widely known and have acquired a national reputation for excellence.  Moreover, Kryptek's trademarks, including the marks protected by Kryptek's Trademark Registrations and Kryptek's Common Law Marks, have become uniquely associated with Kryptek, and have come to symbolize the reputation for quality workmanship associated with Kryptek and its merchandise.  As such, these Kryptek trademarks have acquired secondary meaning.  These Kryptek trademarks are also inherently distinctive.

87.     By making unauthorized use in interstate commerce of the Counterfeit Marks and Kryptek's Common Law Marks, which are likely to cause confusion, Defendants have used false designations of origin and false representations in connection with the importation, distribution, advertising, promotion, offering for sale and/or sale of goods that are likely to cause confusion, mistake or deception as to the affiliation or connection of Defendants with Kryptek and as to the origin, sponsorship, association or approval of Defendants' goods by Kryptek in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

88.     Defendants' wrongful acts will continue unless enjoined by this Court.

502902242 v5

89.     Defendants' acts have caused, and will continue to cause, irreparable injury to Kryptek.  Kryptek has no adequate remedy at law and is thus damaged in an amount not yet determined.

### Count 5:  Design Patent Infringement

90.     Plaintiff repeats the allegations above as if fully set forth herein.

91.     On information and belief, Defendants have directly infringed Kryptek's Design Patents by making, using, selling, offering for sale, and/or importing items, including the items of apparel shown in Exhibits A-C, which feature camouflage designs that are covered by one or more of Kryptek's Design Patents.

92.     As a direct and proximal result of Defendants' patent infringement, Defendants have derived and received gains, profits, and advantages in an amount not presently known to Kryptek.

93.     Pursuant to 35 U.S.C. § 284, Kryptek is entitled to damages for Defendants' infringing acts and treble damages together with interests and costs as fixed by this Court.

94.     Pursuant to 35 U.S.C. § 289, Kryptek is entitled to Defendants' total profits from the sale of Defendants' goods that infringe Kryptek's Design Patents.

95.     Pursuant to 35 U.S.C. § 285, Kryptek is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

96.     Due to the aforesaid infringing acts, Kryptek has suffered irreparable injury, for which Kryptek has no adequate remedy at law.

97.     Defendants will continue to directly infringe Kryptek's Design Patents to the great and irreparable injury of Kryptek, unless enjoined by this Court.

## IX.   CIVIL CONSPIRACY AMONG ALL DEFENDANTS

98.    Defendants Gayla McBee and Reel Wicked have represented that they began a business they called "Reel Wicked" and/or "Reel Wicked Fishing Apparel" around 2013.  On information and belief, Defendants Billy Raney and James Raney thereafter agreed to work with and/or behalf of Defendants Gayla McBee and Reel Wicked, assisting them with, among other things, the sales and marketing of the infringing and counterfeit goods referenced above.  On information and belief, each of Defendants Gayla McBee, Reel Wicked, James Raney and Billy Raney were aware (or soon became aware) that a significant portion of their "Reel Wicked" / "Reel Wicked Fishing Apparel" business was based upon the unauthorized use of Kryptek's intellectual property.  Yet Defendants Gayla McBee, Reel Wicked, James Raney and Billy Raney agreed to continue working together.

99.    Thereafter, on information and belief, Defendants Reel Wicked and Gayla McBee, on the one hand, and Defendants James Raney, Billy Raney, and/or Reel Wicked Apparel, on the other hand, agreed that Gayla McBee and/or Reel Wicked would sell and/or transfer at least a portion of their ownership in the infringing business to Defendants James Raney and Billy Raney.  On information and belief, this agreement to transfer the infringing business (including the infringing and counterfeit inventory and the business know-how relating to the manufacture and/or procurement of infringing and counterfeit apparel) was contemplated by each of Defendants Gayla McBee, Reel Wicked, James Raney and Billy Raney with full knowledge and intent that Defendants James Raney and Billy Raney carry on the wrongful activities of the business.  On information and belief, Defendants Gayla McBee, Reel Wicked, James Raney and Billy Raney each at least tacitly agreed to assist one another with transferring and/or continuing to operate their infringing "Reel Wicked" / "Reel Wicked Fishing Apparel"

business, including by transferring the infringing and counterfeit inventory, and including by transferring business know-how for committing further wrongful acts of infringement and counterfeiting.

100.    According to its Certificate of Formation filed with the Texas Secretary of State, Defendant Reel Wicked Apparel was formed on February 12, 2020 by Defendant Billy Raney, naming Defendants James Raney and Billy Raney as Managers.

101.    Accordingly to a post dated February 26, 2020 on Defendants' Facebook page, Defendant Billy Raney and/or Defendant James Raney introduced themselves as "the new owners of Reel Wicked Apparel."

102.    According to her LinkedIn profile, Defendant Gayla McBee is no longer associated with "Reel Wicked Fishing Apparel."   However, publically available documents reveal that ownership of Defendants' Internet domain name, www.reelwickedapparel.com, has been retained by Defendant Gayla McBee by way of her entity, Defendant Reel Wicked (known at the time of the domain name registration as Wicked Fast Attire).

103.     On information and belief, Defendants Reel Wicked and Gayla McBee have agreed to assist – and in fact have continue to assist – Defendants James Raney, Billy Raney, and Reel Wicked Apparel with the operation of their infringing business.

104.     On information and belief, there has been and continues to exist a conspiracy between Defendants Reel Wicked and Gayla McBee on the one hand, and Defendants James Raney, Billy Raney, and Reel Wicked Apparel, on the other hand.

105.    The object of that conspiracy includes the infringement of Kryptek's copyrights trademarks and design patents, and the counterfeiting of Kryptek's marks and apparel.

106.    Kryptek has been and continues to be damaged as proximate result of Defendants' conspiracy.

107.    Accordingly, each of the Defendants is jointly and severally liable for the tortious conduct of the other Defendants.

## DEMAND FOR A JURY TRIAL

108.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Kryptek respectfully requests a trial by jury of all issues properly triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in its favor and against each of the Defendants including the following:

a.  A judgment declaring that Defendants have infringed Plaintiff's copyrights;

b.  A judgment declaring that Defendants' infringement of Plaintiff's copyrights is intentional and willful;

c.  A judgment awarding Plaintiff damages and Defendants' profits, in such amount as may be found; alternatively, for maximum statutory damages with respect to each copyrighted work infringed either directly or indirectly, or for such other amounts as may be proper under 17 U.S.C. § 504(c);

d.  Enter a preliminary and permanent injunction pursuant to 17 U.S.C. § 502 to enjoin Defendants and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from (a) directly or indirectly reproducing, preparing derivative works, or distributing to the public copies and/or derivative works based on the Kryptek copyrights, whether now in existence or hereinafter created; (b) causing, contributing to, inducing, facilitating, enabling, or participating in the infringement of the Kryptek copyrights;

e.  Issue an order pursuant to 17 U.S.C. § 503 directing the United States Marshal's Service to (a) impound all copies of goods that infringe the Kryptek Copyrights in possession of Defendants, their agents or contractors during the pendency of this

lawsuit; and (b) upon final disposition of this case, to destroy or otherwise dispose of those copies;

f.  A judgment declaring that Defendants have infringed and counterfeited Plaintiff's trademarks;

g.  A judgment declaring that Defendants' infringement and counterfeiting of Plaintiff's trademarks is intentional and willful;

h.  Enter a preliminary and permanent injunction enjoining and restraining Defendants, and each of its officers, agents, servants, employees and attorneys and all those in active concert or participation with it from:

> (i) Using the Kryptek trademarks or any other reproduction, counterfeit, copy or colorable imitation of the Kryptek trademarks on or in connection with any goods or services;

> (ii) Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Kryptek's business reputation or dilute the distinctive quality of the Kryptek trademarks, including through the continued importation, distribution, sale or offering for sale of the counterfeit Kryptek products;

> (iii) Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Kryptek trademarks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation or distribution of any products or their packaging;

> (iv) Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendants in any manner associated or connected with Kryptek, or are sold, manufactured, licensed, sponsored, approved or authorized by Kryptek; and

> (v) Destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importation, manufacture, production, distribution, circulation, sale, marketing, offer for sale, advertising, promotion, rental or display of all unauthorized products which infringe or dilute the Kryptek trademarks; and

i.  Issue an order pursuant to 15 U. S. C. § 1116 directing the United States Marshal's Service to (a) impound all counterfeit goods that infringe the Kryptek registered trademarks in possession of Defendants, their agents or contractors during the pendency of this lawsuit; and (b) upon final disposition of this case, to destroy or otherwise dispose of those counterfeit goods;

j.  Issue an order directing Defendants to deliver up for destruction to Kryptek all products, advertisements, promotional materials, and packaging in their possession or under their control bearing the Kryptek trademarks, or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118;

k.  A judgment awarding: (a) statutory damages, awarded to Kryptek pursuant to 15 U.S.C. § 1117(c), of up to $2,000,000 per trademark that Defendants have counterfeited and infringed per type of good, as well as attorneys' fees and costs; or, in the alternative; (b) damages suffered by Kryptek, trebled, pursuant to 15 U.S.C. § 1117(b); or, in the alternative; (c) all illicit profits that Defendants have derived while using counterfeits or infringements of the Kryptek trademarks, trebled, pursuant to 15 U.S.C. § 1117(b); (d) an award of Kryptek's costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117; and (e) punitive damages to the full extent available under the law; and

l.  A judgment declaring that Defendants have infringed Kryptek's design patents;

m.  Enter a preliminary and permanent injunction to enjoin Defendants and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringing the Kryptek design patents for the full term thereof;

n.  A judgement finding that Defendants' infringement is deliberate and willful, and that the damages awarded to Plaintiff be trebled pursuant to 35 U.S.C. § 284;

o.  A judgment awarding Plaintiff damages against Defendants adequate to compensate Plaintiff for the infringement of the Kryptek design patents pursuant to 35 U.S.C. § 284 and/or 35 U.S.C. § 289;

p.  A declaration that this is an exceptional case and an award of attorney's fees, disbursements, and costs of this action pursuant to 35 U.S.C.§ 285;

q.  A judgment holding Defendants joint and severally liable;

r.  Any other appropriate interest and costs; and

502902242 v5

    s.  For such other and further relief as the Court deems just and proper.

DATED:  April 9, 2020

Respectfully submitted,

/s/ *Henry Pogorzelski*
Henry Pogorzelski
S.D. Tex. No. 25382
TX Bar No. 24072114
Henry.Pogorzelski@KLGates.com
K&L Gates, LLP
1000 Main Street, Suite 2550
Houston, Texas 77002
Telephone: (713) 815-7300
Fax: (713) 815-7301

Stewart N. Mesher
S.D. Tex. No. 30559
TX Bar No. 24032738
Stewart.Mesher@KLGates.com
K&L Gates, LLP
2801 Via Fortuna, Suite 350
Austin, Texas 78746
Telephone: (512) 482-6800
Fax: (512) 482-6800

**Attorneys for Kryptek Outdoor Group, LLC**